[53 NYS3d 371]

In the Matter of EYAL KATZMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 3, 2017

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On July 14, 2016, the respondent was found guilty in the Supreme Court, Queens County, after a jury trial, of the following crimes: criminal sexual act in the third degree, in violation of Penal Law § 130.40 (2), a class E felony (four counts); patronizing a person for prostitution in the third degree, in violation of Penal Law § 230.04, a class A misdemeanor (four counts), and endangering the welfare of a child in violation of Penal Law § 260.10 (1), a class A misdemeanor (five counts). On November 23, 2016, the respondent was sentenced to two consecutive one-year sentences, to be served in the custody of the New York City Department of Correction.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony convictions. Although the respondent was duly served, he has neither opposed the instant motion, nor interposed any response thereto.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of July 14, 2016.

ENG, P.J., RIVERA, DILLON, BALKIN and CONNOLLY, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Eyal Katzman, is disbarred, effective July 14, 2016, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Eyal Katzman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Eyal Katzman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, com-

mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Eyal Katzman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).